IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NEW MEXICO YOUTH ORGANIZED, a project
of the CENTER FOR CIVIC POLICY, and
SOUTHWEST ORGANIZING PROJECT,**

      Plaintiffs,

vs.                                                                                              No. CIV 08-1156 JCH/WDS

**MARY HERRERA, in her capacity as
Secretary of State**

      Defendant.

## ORDER GRANTING ATTORNEYS' FEES AND COSTS

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs, filed August 18, 2009 [Doc. 31]. Defendant did not respond to Plaintiffs' motion. The Court, having considered the motion, brief, supporting documentation, and relevant law, and being otherwise fully informed, finds that the Motion for Attorneys' Fees and Costs will be GRANTED.

### BACKGROUND

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief [Doc. 1] on December 16, 2008. Their Complaint sought relief, pursuant to 42 U.S.C. §§ 1983 and 1988, against the New Mexico Secretary of State's decision to treat them as "political committees" under the New Mexico Campaign Reporting Act. Plaintiffs filed concurrent motions for summary judgment and preliminary injunction. *See* Docs. 16 and 17, filed February 26, 2009. On August 3, 2009, the Court issued a Memorandum Opinion and Order granting Plaintiffs all of the relief that they sought. *See* Doc. 29.

**DISCUSSION**

Plaintiffs maintain that, as the prevailing party, they are entitled to their attorneys' fees and costs under 42 U.S.C. § 1988 and taxable costs under Fed. R. Civ. P. 54(d). The Court finds that Plaintiffs are entitled to such fees and costs. *See Sussman v. Patterson*, 108 F.3d 1206 (10th Cir. 1997) (awarding attorneys' fees and costs to the prevailing party in a section 1988 case); *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000) (holding that "reasonable out-of-pocket expenses not normally absorbed as part of law firm overhead should be reimbursed as attorneys' fees under section 1988.").

Once a determination is made that a party is entitled to recover its attorneys' fees and costs, the Court must determine the propriety and reasonableness of the sums requested in the fee motion. Plaintiffs contend that they are entitled to $66,507.35 in attorneys' fees, which includes compensation for the time spent preparing their Motion for Attorneys' Fees and related attachments. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The multiplication of the reasonable number of hours expended by the reasonable hourly rate is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

In their Affidavits in Support of Attorneys' Fees, Plaintiffs' attorneys set forth the hourly rates of the attorneys and staff who worked on Plaintiffs' case. The attorneys attest that the rates they seek in this case are the rates they typically charge and receive in other representation. They have also attached an affidavit from an independent attorney with over twenty years' experience litigating similar matters in New Mexico who reviewed the case file and billing records in this case and opined that Plaintiffs' attorneys' fee request is justified. *See* Ex. D. to

Plaintiffs' Motion for Attorneys' Fees and Costs [Doc. 31].  The Court concludes that the hourly rates sought in the fee request are reasonable for attorneys of this experience and caliber.

Having reviewed the billing records attached to the Affidavits in Support of Attorney's Fees, the Court concludes that the number of hours expended by Plaintiffs' counsel was reasonable for a case of this complexity and for work of this caliber.  The Court notes that the attorneys provide meticulous detail in their billing records and also that each attorney has foregone seeking reimbursement for time legitimately spent on client matters that could be considered duplicative.  Accordingly, the Court awards Plaintiffs $66,507.35 in attorneys' fees and $4,598.17 in associated New Mexico gross receipts taxes.  In addition, the Court awards Plaintiffs' costs, which the Court determines are reasonable, in the amount of $945.59.  Thus, the total award of attorneys' fees and costs is $72,051.11, which includes reasonable attorneys' fees incurred in preparing this motion and supporting affidavits.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs, [Doc. 31] is hereby **GRANTED**.  Plaintiffs are awarded a total of $72,051.11 in attorneys' fees, New Mexico gross receipts taxes, and costs.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE